

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Smith v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2982

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. USA" (2006). *2006 Decisions.* Paper 1777.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1777

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-2982

FRANKLIN D. SMITH,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00668)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 16, 2005

Before:   MCKEE, FUENTES AND NYGAARD , Circuit Judges

(Filed January 6, 2006)

_____

OPINION

_____

PER CURIAM

       Franklin D. Smith, a federal inmate, appeals from the dismissal without prejudice

of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  Smith was

arrested by members of the Pennsylvania Attorney General's Office and local police in

2002.  While he was in state custody, Smith was indicted on federal drug and firearm

charges.  In January 2004, after he pled guilty in the United States District Court for the Middle District of Pennsylvania to a single count of possession of a firearm in furtherance of drug trafficking, Smith was sentenced to 60 months in prison.  In March 2004, Smith's appeal was dismissed on his motion pursuant to Federal Rule of Appellate Procedure 42.

Smith is currently serving his federal sentence in L.S.C.I.- Allenwood, in Pennsylvania.  In April 2005, Smith filed a habeas petition in the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 2241.  He sought "relief from his habeas corpus and to vacate the indictment," claiming that he was arrested and detained in 2002, in violation of his rights under the U.S. Constitution and the Vienna Convention on Consular Relations (the "Vienna Convention"), Apr. 24, 1963, art. 36, para. 1, 21 U.S.T. 77, 596 U.N.T.S. 261, when the arresting officers failed to inform him, a Jamaican citizen, of his right to consult with officials from the Jamaican Consulate.

The Magistrate Judge recommended that the § 2241 petition be dismissed without prejudice to Smith's filing a § 2255 motion to vacate the sentence, reasoning that his claim was cognizable only under § 2255 because it challenged the validity of the conviction and sentence.  The Magistrate Judge concluded that § 2255 was not "inadequate or ineffective" to test the legality of Smith's detention, and that Smith thus was not entitled to pursue his claims under § 2241.  Smith objected.  The District Court overruled the objections, adopted the Magistrate Judge's Report, and dismissed the § 2241 petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254

2

Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). Smith timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. See United States v. Cleary, 46 F.3d 307, 309-10 (3d Cir. 1995).

We will affirm as we agree that Smith must seek relief under 28 U.S.C. § 2255. Smith claims that the indictment should be dismissed because the arresting officers violated his due process rights under the Constitution by failing to comply with the Vienna Convention and related federal regulations concerning Smith's alleged right to speak to the Jamaican Consul. Contrary to Smith's assertions, challenging the indictment upon which he pled guilty calls into question the validity of his conviction and sentence. A collateral attack upon a federal conviction and sentence raised by way of 28 U.S.C. § 2241 must be rejected "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. Smith has not sought relief on his due process claim by filing a § 2255 motion in District Court.

Smith argues essentially that § 2255 is "inadequate and ineffective" and that § 2241 is available to him as a remedy because he is now barred from seeking § 2255 relief by the AEDPA statute of limitations; he also asserts that he should be excused from seeking permission to file a § 2255 motion on futility grounds. His arguments are unavailing. The remedy afforded under § 2255 is not "inadequate of ineffective" merely

3

because the one-year limitations period has expired or the petitioner is unable to meet its stringent gate-keeping requirements.  See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).  Smith cannot be relieved from pursuing his remedies under § 2255 merely because he alleges that such an avenue of recourse will ultimately prove futile.  See e.g. Bousley v. United States, 523 U.S. 614, 623 (1998).

For these reasons, we conclude that Smith's § 2241 petition was properly dismissed.  Accordingly, we will affirm the District Court's judgment.